IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MUNOZ-RIVERA, *et al*,<br><br>**Plaintiff**<br><br>v.<br><br>TREASURE ISLAND, LLC, *et al*,<br><br>**Defendants.** | **CIVIL NO.** 11-1799 (JAG) |

**OPINION AND ORDER**

On January 18, 2012, defendant Treasure Island, LLC, ("Treasure Island") moved to dismiss the instant complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and, in the alternative, requested a change of venue under Rule 12(b)(3). (Docket No. 6). For the reasons that follow, the Court GRANTS defendant's motion to dismiss. The Court declines to make any findings with respect to the question of venue.

**BACKGROUND**

On May 30, 2010, plaintiffs attended the Cirque du Soleil show held at the Treasure Island Hotel in Las Vegas, Nevada. (Docket No. 1, ¶ 7). After the show ended, plaintiff Maria Muñoz-Rivera ("Muñoz") left her seat and started down the stairs towards the exit. (Id., ¶ 8). Plaintiffs allege that the room

was poorly lit. Consequently, Muñoz was unable to see that the stair's handrail was not continuous. (Id.). As a result, she fell on top of the armrest of a chair. (Id.). Muñoz was assisted by patrons exiting the show, and later by a hotel security guard, who took her to her hotel room on a wheelchair. (Id., ¶ 9).

Two days later, Muñoz was taken to the nearby hospital because her pain was escalating. (Id., ¶ 11). Radiographies were taken but no fractures were noted. The treating physician discharged Muñoz, and prescribed rest and pain medication. Upon arriving in Puerto Rico, Muñoz went to the hospital once again because her pain had not yet abated. (Id., ¶ 12). A full body scan revealed multiple rib fractures on the right side of plaintiff's chest. (Id., ¶ 13).

The complaint alleges that defendant Treasure Island is liable for plaintiffs' damages because it failed "to provide a safe and adequate environment for its guest." (Id., ¶ 18). The complaint further asserts that defendant breached its duty to exercise reasonable care given that it maintained unsafe handrails and poor lighting conditions. (Id., ¶ 19). Plaintiffs claim a total of three million dollars in damages, as well as attorney's fees and costs. (Id., p.5).

**CIVIL NO.** 11-1799 (JAG)                                                                 3

**DISCUSSION**

The complaint asserts federal jurisdiction on the basis of diversity because plaintiffs are of Puerto Rico while defendant Treasure Island is a citizen of Nevada. 28 U.S.C. § 1332. Defendant contends that this Court lacks general or specific jurisdiction over their person, and as such, argue that the present complaint should be dismissed. Further, defendant asserts that the current venue is improper because this is a tort action with its origins in Las Vegas, Nevada.

Jurisdiction

When a defendant challenges a district court's personal jurisdiction, "plaintiff[s] ultimately bear[] the burden of persuading the court that jurisdiction exists." Mass. Sch. of Law, Inc., v. Am. Bar Ass'n, 142 F.3d 26, 34 (1st Cir. 1998). In conducting this analysis, the Court will consider "only whether the plaintiff has proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction." Boit v. Gar-Tec Prods., Inc., 967 F.2d 671, 675 (1st Cir. 1992). But, plaintiffs may not rest on their pleadings to defeat defendant's motion to dismiss for lack of personal jurisdiction. Rather, plaintiffs must point to specific facts set forth in the record to show that jurisdiction exists. Id.

**CIVIL NO.** 11-1799 (JAG)                                            4

Personal jurisdiction comes in two varieties: general and specific. See <u>Donatelli v. National Hockey League</u>, 893 F.2d 459, 462-63 (1st Cir. 1990). Plaintiffs do not argue, and there is no basis to find, that defendant may be brought before this Court under a theory of general jurisdiction.

If general jurisdiction is lacking, the Court turns to the question of specific jurisdiction. In this case, "the district court's personal jurisdiction over a non-resident defendant is governed by the forum's long-arm statute." <u>American Express Int'l, Inc. v. Mendez-Capellan</u>, 889 F.2d 1175, 1178 (1st Cir. 1989). Here, the Court makes this determination pursuant to Puerto Rico's long-arm statute, Rule 4.7(a) of the Puerto Rico Rules of Civil Procedure. P.R. Laws Ann. tit. 32 app. III, Rule 4.7.[1] The First Circuit has fashioned a test to assess whether *in personam* jurisdiction attaches under Rule 4.7(a):

> One, there must be an act done or consummated within the forum by the nonresident defendant.... Two, the cause of action must arise out of the defendant's action within the forum state. Three, the activity linking defendant, forum and cause of action must be substantial enough to meet the due process requirements of 'fair play and substantial justice.'

---

[1] This statute allows Puerto Rico courts to exercise personal jurisdiction over an out-of-state defendant if that person: 1) conducts business in Puerto Rico; 2) participated in tortious acts in Puerto Rico; 3) was involved in a motor vehicle accident in Puerto Rico; 4) was involved in an accident in Puerto Rico while operating a freight or passenger transportation business (with a few qualifications); or 4) owns, uses or possesses real property in Puerto Rico.

Escude Cruz v. Ortho Pharmaceutical Corp., 619 F.2d 902, 904-05 (1st Cir. 1980).

To begin, the Court notes that plaintiffs inexplicably failed to address defendant's arguments regarding lack of personal jurisdiction. Moreover, plaintiffs' opposition points to no facts outside the pleadings that would carry their burden of proof on this issue. Rather, plaintiffs limit their arguments to the question of venue.

On the record as it stands, the Court finds that Plaintiffs fail the Ortho Pharmaceutical test on all fronts. Simply stated, the locus of both the accident and defendant's allegedly negligent actions is in Nevada. Plaintiffs have not met their burden of proof to show that defendant has carried out any action in Puerto Rico. Thus, it is inevitable to conclude that there is nothing "linking defendant, forum and cause of action." Ortho Pharmaceutical Corp., 619 F.2d at 904-05.

Our finding is consistent with other cases involving similar fact patterns. See Pizarro v. Hoteles Concorde Intern., C.A., 907 F.2d 1256 (1st Cir. 1990)(dismissing a diversity action filed in Puerto Rico for damages occurring in an Aruba hotel for lack of personal jurisdiction); Fournier v. Best Western Treasure Island Resort, 962 F.2d 126 (1st Cir.

**CIVIL NO.** 11-1799 (JAG)                                              6

1992)(dismissing for lack of personal jurisdiction under a similar fact pattern).

## CONCLUSION

For the reasons stated above, the Court finds that it lacks personal jurisdiction over defendant Treasure Island. Given this finding, the Court declines to enter into the issue of venue. As such, the Court dismisses the instant case without prejudice for want of personal jurisdiction.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 22nd day of May, 2012.

S/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge